UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT SMITH,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>BRADLEY PIZZA, INC.; and PAMELA M DAHL,<br><br>　　　　*Defendants*. | Case No. _____<br><br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

Plaintiff Scott Smith, by and through the undersigned counsel, brings this action against Defendants Bradley Pizza, Inc., a Wisconsin business corporation, and Pamela M Dahl, an individual, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the restaurant known as "Domino's Pizza", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at "Domino's Pizza", located at 3019 Service Drive S, Red Wing, MN 55066.

3. Defendants' failure to provide equal access to "Domino's Pizza" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4.  Defendants' conduct constitutes an ongoing and continuous violation of the law.

5.  Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal and state law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6.  Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7.  Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.  Plaintiff Scott Smith is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

9. Mr. Smith suffers from arthrogryposis, a rare and disabling congenital joint contracture that for Mr. Smith results in muscle weakness and an inability to stand or walk. Mr. Smith uses a wheelchair for mobility. As a person with a disability, Mr. Smith has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant Bradley Pizza, Inc., a Wisconsin business corporation, is the operator and lessee of the real property and improvements which are the subject of this action, the restaurant "Domino's Pizza", a place of public accommodation within the meaning of the ADA, located at the street address of 3019 Service Drive S, Red Wing, MN 55066.

11. Defendant Pamela M Dahl, an individual, is the owner and lessor of the real property and improvements which are the subject of this action, the restaurant "Domino's Pizza", a place of public accommodation within the meaning of the ADA, located at the street address of 3019 Service Drive S, Red Wing, MN 55066.

**FACTUAL BACKGROUND**

12. On May 25, 2017, Plaintiff attempted to patronize the restaurant, "Domino's Pizza", in Red Wing, Minnesota.

13. When he visited, Plaintiff found that the "Domino's Pizza" customer parking lot had approximately 29 total parking spaces.

14. Plaintiff found 0 parking spaces reserved for persons with disabilities through paint or signage.

15. 0 parking spaces had an adjacent access aisle.

16. Plaintiff also saw that the entrance into "Domino's Pizza" had a large threshold that appeared to be taller approximately 1 inch tall.

17. 1 parking space reserved through paint was not located on an accessible route, as no ramp provided access from the parking space to the sidewalk surrounding the building.

18. A photograph in Exhibit A to this Complaint depicts the "Domino's Pizza" entrance and the parking spaces near this tenancy entrance as they appeared on May 25, 2017.

19. As a result of the architectural barriers in the customer parking lot, Plaintiff was deterred from visiting "Domino's Pizza".

20. Plaintiff lives in Burnsville, Minnesota and frequently travels throughout Minnesota, including Red Wing. He attempted to patronize "Domino's Pizza", but was deterred, due to the lack of accessible parking and accessible routes.

21. In light of the architectural barriers at "Domino's Pizza", Plaintiff is deterred from visiting "Domino's Pizza" in the future. Plaintiff would like to be able to patronize "Domino's Pizza", but these architectural barriers deter him from doing so. He plans to return and patronize "Domino's Pizza" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

22. Plaintiff attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

23. The architectural barriers alleged in this complaint also violate Minnesota Human Rights Act, Minn. Stat. Chapter 363A. Notice of the architectural barriers at

"Domino's Pizza" as required under Minn. Stat. 363A.331, subd. 3, is hereby given and attached as Exhibit B to this complaint.

## FACTUAL ALLEGATIONS

24. Defendants have discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "Domino's Pizza". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Domino's Pizza" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "Domino's Pizza" had approximately 29 total parking spaces in its customer parking, lot but had 0 accessible parking spaces complying with ADAAG 502, rather than the required 2, in violation of ADAAG 208.2. Plaintiff uses a wheelchair for mobility and requires compliant accessible parking spaces to make safe transfers between his vehicle and wheelchair.

   b. 0 reserved parking spaces in the "Domino's Pizza" customer parking lot were reserved through signage, in violation of ADAAG 216.5 and 502.6. Low or missing signage makes it difficult for Plaintiff to find accessible parking spaces and makes it difficult for law enforcement to enforce parking rules and regulations.

   c. Upon information and belief, the entrance to the tenancy occupied by "Domino's Pizza" had a threshold greater than 0.5 inch, in violation of ADAAG 206.2.1 and 404.2.5. Plaintiff requires an accessible route to enter the building from the customer parking lot.

25. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Domino's Pizza". To qualify as an accessible parking space, it must be located on the shortest accessible route, marked by appropriate signage, flanked by an access aisle, and comply with sloping requirements. ADAAG 206, 208, 402, 403, 405, 406, and 502.

26. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Domino's Pizza" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

27. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

28. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

29. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Domino's Pizza" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

# FIRST CAUSE OF ACTION
## Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

30. Plaintiff incorporates and realleges the above paragraphs.

31. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

32. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

33. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "Domino's Pizza" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

34. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

35. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers is readily achievable.

36. Plaintiff plans to visit "Domino's Pizza" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Domino's Pizza" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

37. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Domino's Pizza" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Domino's Pizza" until such time as Defendants cure the access barriers.

38. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

  a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

  b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and

independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, or as otherwise provided by law; and

d. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: <u>June 14, 2017</u>

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805