UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Scott Smith,   Case No. 0:17-cv-2032-WMW-KMM

        Plaintiff,

v.

        **ORDER**

Bradley Pizza, Inc.,
Pamela M. Dahl,

        Defendants.

---

The Plaintiff, Scott Smith, brought a motion in this case to recover expenses and attorney's fees incurred in serving Defendant Pamela Dahl. [Smith Mot., ECF No. 52.] The Court denied Mr. Smith's motion on January 24, 2018, and denied without prejudice Ms. Dahl's own request that she be awarded her own expenses and fees incurred in responding to Mr. Smith's motion.[1] [Order (Jan. 24, 2018), ECF No. 72.] The Court determined that before considering the propriety of imposing sanctions on Mr. Smith and his counsel, Padraigin Browne, Ms. Dahl should file a formal motion. [*Id.* at 6–7.] On January 26, 2018, Ms. Dahl filed a formal motion seeking sanctions against Mr. Smith and Ms. Browne. [Dahl Sanctions Mot., ECF No. 74.] In her sanctions motion, Ms. Dahl asks the Court to award her the expenses and attorney's fees she incurred in responding to Mr. Smith's motion for recovery of service expenses and attorney's fees. [Dahl Mem., ECF No. 77.]

**A.    Section 1927 Sanctions**

Ms. Dahl first argues that sanctions should be imposed against Mr. Smith, Ms. Browne, and Browne Law LLC pursuant to 28 U.S.C. § 1927. Ms. Dahl contends

---

[1]    On May 15, 2018, the District Court affirmed the Court's Order denying Mr. Smith's motion for recovery of service expenses and attorney's fees.

1

that the filing of Mr. Smith's motion to recover service expenses unreasonably and vexatiously multiplied the proceedings.

### Legal Standards

Section 1927 provides that:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The statute authorizes a court to "require counsel to satisfy personally attorneys' fees reasonably incurred by an opposing party when counsel's conduct multiplies the proceedings in any case unreasonably and vexatiously." *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (internal quotations omitted). "[T]he statute permits sanctions when an attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Id.* (internal quotations omitted).

As explained by another district court within our Circuit, "'[b]ehavior is 'vexatious' when it is harassing or annoying, regardless of whether it is intended to be so. Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under section 1927.'" *Sherman v. Sunsong Am., Inc.*, No. 804-cv-300, 2007 WL 1310057, at *1 (D. Neb. Mar. 27, 2007) (quoting *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990)). Relying on precedent from the Federal Circuit, another court within the District of Minnesota recently explained that "28 U.S.C. § 1927 implicates a higher level of culpability than Rule 11 sanctions." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.*, No. 14-CV-4857 (JRT/HB), 2017 WL 8947185, at *16 (D. Minn. Feb. 3, 2017), *report and recommendation adopted*, No. 14-cv-4857 (JRT/HB), 2017 WL 1193992 (D. Minn. Mar. 30, 2017) (citing *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1371 n.6 (Fed. Cir. 2012)).

The Eighth Circuit has cautioned that § 1927 should be construed narrowly to avoid deterring zealous advocacy by an attorney on behalf of her clients. *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999). As such, conduct is not sanctionable merely because a party raises an issue and does not prevail. Sanctions are not appropriate where the issues raised "are subject to reasonable dispute." *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006).

If a district court imposes sanctions under § 1927, it must make findings and explain its reasoning. *Tenku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003). "The decision as to whether to award attorneys' fees and costs under Section 1927 is within this Court's discretion." *Bernstein v. Extendicare Health Servs., Inc.*, 653 F. Supp. 2d 949, 954 (D. Minn. 2009) (quoting *Gundacker v. Unisys Corp.*, 151 F.3d 842, 849 (8th Cir. 1998)).

*Analysis*

The Court concludes that it is not appropriate to sanction Ms. Browne under § 1927 for pursuing Mr. Smith's unsuccessful motion to recover service expenses and attorney's fees. Most importantly, the Court reaches this conclusion because Ms. Dahl cites no case where a court has imposed sanctions against an attorney pursuant to § 1927 based on the filing of a single unsuccessful and unnecessary motion. Courts imposing sanctions under this statute are generally faced with much more prolonged and egregious conduct than Ms. Browne engaged in here. *See Books Are Fun, Ltd. v. Rosebrough*, 239 F.R.D. 532, 548–49 (S.D. Iowa 2007) (discussing Eighth Circuit cases involving egregious conduct where § 1927 sanctions were upheld). Indeed, a recent case from the District of Minnesota (cited by Ms. Dahl in her brief) suggests that sanctions should not be awarded under the circumstances presented by this case. *Jahnke v. R.J. Ryan Const., Inc.*, No. CIV. 13-962 JRT/SER, 2014 WL 4639831, at *10 (D. Minn. Sept. 16, 2014) ("[T]he Court concludes that ECS' conduct, as described by RJ Ryan, resulted in the filing of a single motion by RJ Ryan—hardly the type of vexatious multiplication of proceedings that § 1927 was designed to address."). In the absence of more persuasive authority, the Court cannot conclude that § 1927 sanctions are appropriate here, especially because § 1927 must be construed strictly so that advocates are not deterred from providing their clients with zealous advocacy.

The Court is also not persuaded by Ms. Dahl's suggestion that Mr. Smith's motion for service expenses was retaliatory. Ms. Dahl's counsel points to a dismissal and fee motion in another case involving the same attorneys that are representing the parties here—*Davis v. Morris-Walker, Ltd.*, No. 17-cv-1270 (DSD/FLN), Doc. No. 63 (D. Minn. Dec. 7, 2017). [Dahl Mem. at 5.] Other than the fact that Mr. Smith's motion for service expenses was filed later in the same month that the order was issued in *Davis*, Ms. Dahl has made no showing to support the assertion that the motion in this case "appeared retaliatory for, a recent dismissal and fee motion [that] defendants' counsel obtained in a related case." [Dahl Mem. at 5.]

3

The Court's finding that Ms. Dahl has failed to show the motion for service expenses was filed for an improper purpose is not to say that the Court in any way condones Ms. Browne's conduct in this instance. As this Court previously found, and the District Court has affirmed, Ms. Browne filed the motion to recover service expenses without demonstrating compliance with Rule 4(d)(1), without having provided Ms. Dahl's counsel with proof of the expenses incurred, and without completing the meet-and-confer process so that the Court's intervention was necessary. [Order (Jan. 24, 2018); Order (May 14, 2018), ECF No. 103.] Even if Ms. Browne is correct in her assertion that noncompliance with Rule 4(d)(1)'s technical requirements could be the subject of reasonable disagreement [*see* Pl. Mem. at 5–12, ECF No. 84], the rush to file the motion to recover service expense before finishing the meet-and-confer process arguably went beyond the boundaries of reasonable zealous advocacy. The tenuous legal footing for the motion, the fact that the motion sought to recover a very modest sum, and the hasty filing of the motion all permit an inference that the motivation behind the motion was to make the litigation more expensive for Ms. Dahl in the hopes of extracting a settlement. The Court is not convinced that is the *only* inference that can be drawn from the record, but future submissions under comparable circumstances may alter that calculation. *Cf. Steinlage v. Mayo Clinic Rochester*, 235 F.R.D. 668, 673 (D. Minn. 2006) ("The court may infer bad faith when counsel's actions are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'") (quoting *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2nd Cir. 1991)).

**B.**     **Inherent Power**

Ms. Dahl also argues that the Court should impose sanctions on Mr. Smith, Ms. Browne, and Browne Law LLC using its inherent powers. Ms. Dahl argues that such sanctions are appropriate because the filing of Mr. Smith's motion to recover service expenses abused the judicial process. For similar reasons to those set forth above, the Court disagrees.

Federal courts have the inherent power to assess attorney's fees against a party or attorney as a sanction. *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 458 F.3d 733, 739 (8th Cir. 2006). "[A]n award of attorneys' fees is permissible under a court's inherent powers as long as the person being sanctioned has demonstrated bad faith." *Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006).

Ms. Dahl cites *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir. 1993), and *Harlan v. Lewis*, 982 F.2d 1255, 1260 (8th Cir. 1993), for the proposition that a finding of bad faith is not required to impose sanctions under the court's inherent authority. [Dahl Mem. at 3.] However, Ms. Dahl's reliance on these cases misplaced. In *Harlan*, the court explains that a finding of bad faith is not required for every sanction a district court may impose. But *Harlan* did nothing to disturb existing caselaw indicating that a finding of bad faith is necessary when the court assesses attorney's fees against a party or its counsel.[2] 982 F.2d at 1259–60 (discussing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), and *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1979)). Similarly, in *Dillon* the Eighth Circuit recognized that assessing attorney's fees as a sanction requires a finding of bad faith, but the court noted that the case before it did not involve an assessment of attorney's fees. 986 F.2d at 266.

Here, Ms. Dahl's motion for sanctions specifically asks the Court to assess attorney's fees against Mr. Smith and Ms. Browne under the Court's inherent power for conduct that allegedly abuses the judicial process. Because such an award requires a finding of bad faith, and the record here does not support such a finding, the Court will not assess attorney's fees against Mr. Smith or his counsel using its inherent power.

## ORDER

For the reasons stated above, **IT IS HEREBY ORDERED THAT** Ms. Dahl's Motion for Sanctions **[ECF No. 74]** is **DENIED**.

Date: June 4, 2018                             *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge

---

[2] In *Harlan* the district court imposed a $2,500 sanction to discipline counsel for violating a Model Rule of Professional Conduct, but there was no indication that the court was assessing attorney's fees. 982 F.2d at 1258 (explaining that the court sanctioned defense counsel for conduct violating Model Rule 3.4(f) and characterizing it as a modest sanction designed to warn counsel against future similar conduct).