# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Scott Smith,

          Plaintiff,

v.

Bradley Pizza, Inc., Pamela M. Dahl,

          Defendants.

Case No. 0:17-cv-2032-WMW-KMM

**ORDER**

      Defendants Bradley Pizza, Inc., and Pamela Dahl have asked the Court to compel Plaintiff Scott Smith to permit them access to the interior of his home so that they may inspect the premises to determine whether he is able to navigate around barriers comparable to those alleged in his complaint. (*See* ECF No. 127.) Mr. Smith opposes the Defendants' request for an inspection, arguing that it is irrelevant to the issue of standing or the merits. (ECF No. 126.) For the reasons that follow, the Defendants' request is denied.

      In another case where Mr. Smith alleges that architectural barriers prevent him from equal access to a business as guaranteed by the ADA, the defendants, who are represented by the same counsel as Bradley Pizza and Ms. Dahl, requested the same permission to inspect the interior of Mr. Smith's home. *See Smith v. RW's Bierstube, Inc., et al.*, No. 17-cv-1866 (PJS/HB), Doc. No. 90 (D. Minn. Aug. 20, 2018) (Order). Thoroughly analyzing the arguments made by the parties, Magistrate Judge Hildy Bowbeer denied the defendants' request in the *Bierstube* case. Judge Bowbeer found that: (1) the defendants failed to show how the measurements of the interior of Mr. Smith's residence "would be comparable or probative of the effect of parking lot conditions on his disability"; and (2) an inspection of Mr. Smith's "apartment would be highly intrusive, and any possible probative value would be far outweighed by the invasion of his privacy." *Id.*, Doc. No. 90 at 9–10. Further, Judge Bowbeer agreed with the *Bierstube* defendants that "measurements taken in the parking lot and near the entrance areas [of Mr. Smith's apartment building] could be probative of disputed issues," but concluded that a Rule 34 request for an inspection was not appropriate

because Mr. Smith does not own the apartment building and cannot grant or deny permission to inspect common areas. *Id.*, Doc. No. 90 at 10–11. Judge Bowbeer therefore denied the motion to compel inspection of the parking lot and entrance areas and noted that the defendant "is free to make arrangements to inspect the parking lot at Smith's apartment building through appropriate channels." *Id.*, Doc. No. 90 at 11.

With respect to the discovery dispute here, the Court finds there is no material difference between this case and *Bierstube*. Having reviewed the letters filed in this case and the briefing provided in *Bierstube*, the Court adopts in full the reasoning of Judge Bowbeer's August 20, 2018 Order in *Bierstube*. In particular, the Court agrees that any possible relevance of measurements of the interior of Mr. Smith's apartment is outweighed by the intrusiveness of such an inspection. Accordingly, the Court denies Defendants' request in this case for permission to inspect the interior of Mr. Smith's apartment. Additionally, for the same reasons identified in Judge Bowbeer's Order, this Court will not permit an inspection of the parking lot and entryway to Mr. Smith's apartment pursuant to a Rule 34 request for inspection served on Mr. Smith. However, the Court concludes that an inspection of these exterior aspects of Mr. Smith's building could be relevant to the parties' claims and defenses and is proportional to the needs of the case. Therefore, this Order does not prevent Defendants from making arrangements to inspect the parking lot and entrance areas at Mr. Smith's apartment building through appropriate channels.

## ORDER

For the reasons stated above, **IT IS HEREBY ORDERED THAT** Defendants' request to compel an inspection is **DENIED**.

Date: August 23, 2018         *s/Katherine Menendez*
                              Katherine Menendez
                              United States Magistrate Judge