# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Scott Smith,                                    Case No. 0:17-cv-2032-ECT-KMM

                Plaintiff,

v.                                              **ORDER**

Bradley Pizza, Inc., and Pamela M. Dahl,

                Defendants.

---

      The District Court granted the defendants' motion for summary judgment, this case has been closed, and Mr. Smith has filed a notice of appeal. Nevertheless, the matter is before the Court on the defendants' request that Mr. Smith be required to pay the reasonable expenses they incurred in responding to his motion to compel discovery. [Defs.' Letter, ECF No. 230.] For the reasons that follow, the Defendants' request is **granted in part**.

### The November 13th Order

      On November 13, 2018[1] the Court denied Mr. Smith's motion to compel discovery, which asserted that Ms. Dahl failed to sign an initial set of answers to his interrogatories and that the defendants improperly refused to produce financial information.[2] Specifically, the Court found that Ms. Dahl signed supplemental and amended answers to interrogatories "that effectively supersede[d] any earlier answers" and that the initial set of interrogatories "were propounded before Ms. Dahl was even served with this lawsuit." The Court also found that Mr. Smith brought his motion with respect to Ms. Dahl's financial information prematurely, as her responses to the relevant discovery requests were not due at the time the motion was filed. As to these first two issues, the Court found that Mr. Smith's position was not substantially justified and that an award of expenses was appropriate under Fed. R. Civ. P.

---

[1]     Order (Nov. 13, 2018) ("November 13th Order"), ECF No. 159.
[2]     Pl.'s Mot. to Compel, ECF No. 138.

37(a)(5)(B). Finally, the Court concluded that Bradley Pizza's financial information was not relevant, but reasoned that Mr. Smith's position was substantially justified, so no award of expenses was appropriate.[3]

The Court instructed defense counsel to file a short letter memorandum and any affidavits, declarations, and exhibits to establish the expenses and fees incurred in responding to Mr. Smith's motion. The Order required defense counsel to exclude any request for reimbursement of the fees and expenses reasonably attributable to the request for Bradley Pizza's information. And the Court required defense counsel to file its requests within fourteen days, providing seven days for Mr. Smith's response.[4]

The Court also granted portions of the relief sought by the Defendants in their own motion to compel, but limited the bases to recovery of fees to one portion of that motion. Specifically, the Court: (1) granted in part and denied in part the Defendants' request for production of settlement information; (2) granted the Defendants' request for a refund of expert-witness fees they were required to pre-pay for the depositions of Mr. Smith's expert, Peter Hansmeier; and (3) granted in part the Defendants' request that their expert, Julie Quarve-Peterson, be paid reasonable expert-witness fees. With respect to the first two issues, the Court found that expenses should not be apportioned for those issues. The Court also found that Mr. Smith need not pay an award of expenses in contesting the motion to compel Ms. Quarve-Peterson's travel time or time spent preparing for her deposition. However, the Court found that "Mr. Smith's refusal to pay [Ms. Quarve-Peterson's] full hourly rate was not substantially justified, and the Defendants are entitled to an award of expenses incurred in bringing the motion to compel on that issue." The Court permitted the Defendants to request payment of those expenses when filing the letter addressing the fee-shifting discussed above.[5]

### The November 16th Order

After the Court issued the November 13th Order, the parties filed a stipulation regarding the submission of the letter memoranda and supporting documents on the

---

[3]     November 13th Order at 2–7.
[4]     November 13th Order at 7.
[5]     November 13th Order at 7–17.

issue of fee-shifting.[6] Mr. Smith indicated that he intended to object to the Court's ruling on his motion to compel. On November 16, 2018, the Court adopted the parties' stipulation and "modifie[d] the Court's [November 13th] Order … to permit the submission of Defendants' memorandum and fee petition to be filed within 14 days of the District Court's ruling on Plaintiff's objection to the Order at Docket Entry 159, with Plaintiff's response thereto due within 5 days of Defendants' submission."[7]

### The Fee Petition and Response

On June 12, 2019, the District Court entered summary judgment in favor of the Defendants, essentially concluding that the Court lacks jurisdiction because the architectural barriers complained of in Mr. Smith's Complaint have been remedied.[8] After the parties' efforts at resolving their dispute regarding the fees discussed in the November 13th Order failed,[9] the Defendants filed a letter brief requesting payment of $3,873.50. [Defs.' Letter at 1–3.] In arriving at this number, defense counsel attempted to "evaluate[] the discovery motions as a whole, since defendants' counsel's work on the motions was interrelated," and then reduced the requested fees to reflect the matters the Court found were appropriate for shifting fees. [*See id.* at 2–3.] Defense counsel indicates that his firm billed the Defendants a total of $6,351.50 for work on the parties' motions addressed in the November 13th Order. The $3,873.50 fee request represents a reduced hourly rate for lead defense counsel, Edward Sheu, and includes discounts for supervisory work, duplicative effort, and other reasonable reductions. [Decl. for Defs.' Attorney-Fee Request ("Fee Decl.") ¶¶ 2–3, 10–12, 16, ECF No. 230-1.]

In response to the fee petition, Mr. Smith asks for a substantial reduction of the amount of a fee shifting award, arguing that he should be required to pay no more than $984.20. [Pl.'s Resp. at 5, ECF No. 231.] First, Mr. Smith argues that $1,225 should be eliminated from the Defendants' request for an award of fees because several of the time entries reflect expenses that the Defendants would have incurred

---

6      Stipulation, ECF No. 161.
7      Order (Nov. 16, 2019), ECF No. 162.
8      Opinion and Order (June 12, 2019), ECF No. 228.
9      *See* Suppl. Decl. for Defs.' Attorney-Fee Request, Ex. A (email chain indicating that the parties conferred regarding the propriety of the amount of fees, if any, that are recoverable as a result of the Nov. 13th Order), ECF No. 234-1.

regardless of the issues that the Court found supported fee-shifting. [*Id.* at 1–2 (citing *Fox v. Vice*, 563 U.S. 826 (2011), and *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017)).] Second, he argues that an October 4, 2018 entry for $245 should be removed from the request because it is unclear how much time was attributable to the preparation of the Defendants' motion to compel as opposed to other, non-covered tasks. [*Id.* at 2.] Third, Mr. Smith ask the Court to reduce the requested fee award by an additional $138 for defense counsel's review of the Smith deposition, suggesting it cannot be reasonably related to the issue of Ms. Quarve-Peterson's appropriate hourly rate. [*Id.* at 2–3.] Fourth, Mr. Smith objects to the Defendants' request for reimbursement of 5.25 hours of defense counsel's time spent drafting the Defendants' motion to compel because the portion of that motion attributable to the issues concerning Ms. Quarve-Peterson's hourly rate could not have taken so long to complete. [*Id.* at 3–4.] Fifth, Mr. Smith argues that he should receive an overall 10% discount based on his assertion that defense counsel must have given Defendants substantial discounts for the work performed in this case. [*Id.* at 4–5.] And finally, Mr. Smith requests that the award be reduced by an additional $175 to compensate for the portion of time that is reasonably attributable to Mr. Smith moving to compel Bradley Pizza's signature on discovery responses, which were not supplied until after the hearing. He suggests he is entitled to such an award under Fed. R. Civ. P. 37(a)(5)(A). [*Id.* at 5.]

### Discussion

The lodestar method is the starting point for determining the amount of a reasonable attorney's fee. *In re National Hockey League Players' Concussion Injury Litig.*, MDL No. 14-2551, 2017 WL 3276873 (D. Minn. Jul. 31, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). To determine the lodestar, the Court multiplies a reasonable number of hours expended on the motion by a reasonable hourly billing rate. *Id.* The reasonable rate is what is typical for similar work in the community in which a case is being litigated, and "district courts may rely on their own experience and knowledge of prevailing market rates" in determining what is reasonable. *Id.* (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). Courts have considerable discretion in determining whether attorneys' fees are reasonable. *See Hensley*, 461 U.S. at 437. "As a concession to the mortality of judges, the law does not require a line-item review of fee applications." *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, No. 08 CIV. 442 (TPG)(FM), 2013 WL 3322249, at *3 (S.D.N.Y. July 2, 2013),

*aff'd*, 679 F. App'x 33 (2d Cir. 2017) (quoting *O'Toole v. Allied Interstate, LLC,* No. 12 Civ. 4942(WHP), 2012 WL 6197086, at *1 (S.D.N.Y. Dec. 12, 2012)).

Here, the Court finds that the $350 hourly rate for Mr. Sheu and the $230 hourly rate for his co-counsel, Mr. Linnerooth, are reasonable hourly rates. The time entries reflected in the documentation supporting the fee petition indicate that Messrs. Sheu and Linnerooth spent 17.85 combined hours on the issues that were reasonably attributable to the specific issues for which the Court found that fee-shifting was appropriate in the November 13th Order. Prior to the hearing, Mr. Linnerooth spent 10.45 hours, for a total of $2,403.50 in fees. Mr. Sheu spent 5.9 hours prior to the hearing, but provided courtesy write offs for 4.2 hours of that time. This amounts to a total of $595 in fees for Mr. Sheu's time. With both Mr. Sheu and Mr. Linnerooth appearing at the hearing for 1.5 hours each, this resulted in an additional $875 in fees. Thus, the fee petition arrives at the request for $3,873.50.

Here, the Court agrees that some reduction of the time spent by Mr. Linnerooth in drafting the Defendants' motion to compel discovery and supporting documentation is appropriate. The portion of the motion devoted to required payment of Ms. Quarve-Peterson's full hourly rate should not have taken 5.25 hours of Mr. Linnerooth's time to prepare. However, the Court will not reduce this portion of the fee petition to a single hour of compensable time as Mr. Smith requests. Instead the Court will reduce the overall fees requested for Mr. Linnerooth's entry on October 9, 2018 to $500, which the Court finds reflects a reasonable proportion of the fees attributable to the issue of Ms. Quarve-Peterson's full hourly rate.

The Court also agrees that a reduction is appropriate for the time billed on October 5, 2018 for reviewing Mr. Smith's deposition for use in connection with the motion to compel. The billing records submitted by defense counsel do not show how this was related to the response to the plaintiff's motion to compel or that portion of the Defendants' motion to compel for which fee-shifting was approved. This results in an additional reduction of $138 for 0.6 hours of Mr. Linnerooth's time.

Mr. Smith contends that the Defendants would have incurred the fees reflected in the fee petition's entries for September 30, 2018, October 3, 2018, and October 30, 2018, even if Smith had not taken the positions that this Court found were not substantially justified. To support his argument that such fees are unrecoverable, he

cites *Fox v. Vice*, in which the Supreme Court held that when a plaintiff's civil rights lawsuit includes some frivolous claims and other non-frivolous claims, a court may still award reasonable fees to the defendant pursuant to 42 U.S.C. § 1988, but the court may only award fees that the defendant would have incurred but for the frivolous claims. 563 U.S. at 836 ("[I]f a frivolous claim occasioned the attorney's fees at issue, a court may decide that the defendant should not have to pay them. But if the defendant would have incurred those fees anyway, to defend against *non*-frivolous claims, then a court has no basis for transferring the expense to the plaintiff.").

Mr. Smith has not cited a case applying the "but for" standard adopted for fee awards under § 1988 to a court's decision to award fees pursuant to Fed. R. Civ. P. 37(a)(5), but it appears some courts have done so. *See, e.g., 246 Sears Road Corp. v. Exxon Mobil Corp.*, No. 09-cv-889 (NGG)(JMA), 2013 WL 4506973, at *2 (E.D.N.Y. Aug. 22, 2013) (citing the "but for" standard from *Fox* in the context of adopting a magistrate judge's recommendation that the plaintiff be required to pay the defendant's reasonable expenses, including attorney's fees, in opposing the plaintiff's unsuccessful motion to compel discovery); *Romeo and Juliette Laser Hair Removal*, 2013 WL 3322249, at *3 (same). The Court agrees that the Defendants have not established that the fees reflected in fee petition's entries for September 30th, October 3rd, and October 30th of 2018, were incurred but for the unjustified positions taken by Mr. Smith in his own motion to compel and in response to the Defendants' motion to compel. Accordingly, the Court will reduce the award to the Defendants by an additional $1225.

The Court finds Mr. Smith's remaining points of contention to be unsupported, speculative, and otherwise unpersuasive. As a result, the Court is reducing the requested fees in the Defendants' fee petition by $2,070.50. Consistent with the foregoing, **IT IS HEREBY ORDERED THAT** the Defendants' fee petition is **GRANTED IN PART** and Mr. Smith, his counsel, or both shall pay the Defendants $1,803.00 to compensate for the reasonable expenses Defendants incurred in responding to the unjustified positions taken by Mr. Smith in support of his motion to compel discovery and in opposition to the Defendants' motion to compel.

Date: September 13, 2019                     *s/Katherine Menendez*
                                             Katherine Menendez
                                             United States Magistrate Judge