UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Smith,  File No. 17-cv-02032 (ECT/KMM)

      Plaintiff,

v.

**OPINION AND ORDER**

Bradley Pizza, Inc. and
Pamela M. Dahl,

      Defendants.

Padraigin Browne, Browne Law LLC, Lake Elmo, MN, for Plaintiff Scott Smith.

Brian J. Linnerooth and Edward P. Sheu, Best & Flanagan, LLP, Minneapolis, MN, for Defendants Bradley Pizza, Inc. and Pamela M. Dahl.

In this case brought under the Americans with Disabilities Act and the Minnesota Human Rights Act, Plaintiff Scott Smith seeks review of the Clerk of Court's entry of an amended cost judgment for Defendants in the amount of $1,118.21. Am. Cost Judgment [ECF No. 244]; Mot. for Rev. [ECF No. 245]. Smith's motion will be denied because Smith has not shown that the judgment is erroneous or inequitable under the circumstances.

The facts and procedural history relevant to Smith's motion may be described briefly. In an opinion and order dated June 12, 2019, summary judgment was entered in Defendants' favor for lack of subject-matter jurisdiction because the record did not show that Smith suffered an injury sufficient to give him Article III standing. *Smith v. Bradley Pizza, Inc.*, No. 17-cv-02032 (ECT/KMM), 2019 WL 2448575 (D. Minn. June 12, 2019).

After entry of judgment [ECF No. 229], Defendants submitted a bill of costs to the Clerk of Court seeking to recover $6,980.02; this amount included transcript fees, docket fees, expert fees, and courier expenses. Bill of Costs [ECF No. 236]; Sheu Decl. [ECF No. 237]. Smith objected, challenging Defendants' entitlement to costs and, alternatively, the amount of the costs. ECF No. 240. On September 4, 2019, the Clerk entered a cost judgment of $2,359.20 for Defendants. ECF No. 241. The Clerk allowed Defendants' claimed expenses for transcript and docket fees but denied their claimed expenses for expert fees and courier services. *Id.* On September 13, the Parties filed a stipulation to amend the amount of the cost judgment based on corrections made to Defendants' claimed transcript costs. ECF No. 243. As part of the stipulation, Smith preserved his right to seek review of the cost judgment. *Id.* at 3. On September 18, pursuant to the Parties' stipulation, the Clerk entered an amended cost judgment in the amount of $1,118.21. Am. Cost J. Smith seeks review of the amended cost judgment. ECF No. 245.

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 1920 (listing appropriate costs for taxation). The Americans with Disabilities Act has a cost and fee-shifting provision, and it does not conflict with Rule 54(d)(1):

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

2

42 U.S.C. § 12205. Within a prescribed time after entry of a cost judgment, a party may file a motion for review of the Clerk's action. Fed. R. Civ. P. 54(d)(1); LR 54.3(c)(3). Judicial review of the taxation of costs "is a de novo determination addressed to the sound discretion of the court." *E. Coast Test Prep, LLC v. Allnurses.com, Inc.*, No. 15-cv-3705 (JRT/ECW), 2019 WL 1487812, at *6 (D. Minn. Apr. 4, 2019) (quotation and citation omitted). The party seeking review bears the burden of showing that a cost judgment is "inequitable under the circumstances." *Concord Boat Corp. v. Brunswick Corp*, 309 F.3d 494, 498 (8th Cir. 2002).

Smith argues that Defendants are not prevailing parties because his claims were dismissed without prejudice for lack of subject-matter jurisdiction based on Smith's failure to show that he possessed Article III standing. But the law favors the conclusion that a defendant who achieves a dismissal on this basis is a prevailing party. Neither the Federal Rules nor the ADA define "prevailing party." Nonetheless, "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the [Supreme] Court's approach to interpret the term in a consistent manner." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016). "[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties[.]" *Texas State Teachers Assn. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). This alteration must be marked by "judicial *imprimatur*." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dept. of Health & Human Res.*, 532 US. 598, 605 (2001). "[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award[.]" *Id.* at 604 (citing

*Texas State Teachers Assn.*, 489 U.S. at 792–93). However, "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *CRST*, 136 S. Ct. at 1651 (stating a defendant "may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason"). A defendant has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* This is so because "[p]laintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor." *Id.* In concluding that a defendant may prevail "even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason," the Supreme Court did not distinguish between jurisdictional and non-jurisdictional victories, and the Court explicitly declined to consider whether a defendant must obtain a preclusive judgment in order to prevail. *Id.* at 1651, 1653. A dismissal for lack of subject-matter jurisdiction based on the absence of an injury-in-fact is, therefore, sufficient to confer prevailing party status on Defendants because it is a judicially-sanctioned action that "rebuffs [Smith's] attempt to effect a 'material alteration in the legal relationship between the parties.'" *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1303–07 (Fed. Cir. 2018) (quoting *CRST*, 136 S. Ct. at 1646, 1651); *see also Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 327–28 (1st Cir. 2017) (affirming conclusion that defendant prevailed in case resolved on standing grounds); *Amphastar Pharms., Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709–10 (9th Cir. 2017) (applying *CRST* to conclude defendant prevailed and "permanently changed the legal

relationship of the parties" in action dismissed for lack of subject-matter jurisdiction (quotation omitted)).[1]

Smith argues that, if Defendants are prevailing parties, the amended cost judgment should be vacated nonetheless based on his financial condition. Mem. in Supp. at 5. A non-prevailing party's financial status may be considered when determining whether to tax costs. *See Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982). However, a "nonprevailing party must be facing dire financial circumstances" to avoid paying costs. *Kaplan v. Mayo Clinic*, No. 07-cv-3630 (JRT/JJK), 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011). "Furthermore, '[i]t is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future.'" *Id.* (quoting *Denson v. Ne. Ill. Reg. Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *1 (N.D. Ill. June 27, 2003)). The only record evidence Smith identifies to show his inability to pay costs is his deposition testimony that he does not currently have a job and has not had one since 2001. Mem. in Supp. at 5. That statement says nothing about Smith's overall financial condition or other sources of income. The testimony Smith identifies does not justify concluding that Smith cannot pay a cost judgment.

---

[1] Smith seeks also to vacate the amended cost judgment by invoking the standard established in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978). Mem. in Supp. at 3–5 [ECF No. 247]. In *Christiansburg*, the Supreme Court held that a defendant who is a prevailing party in a Title VII action may not be awarded attorney's fees under Title VII's fee-shifting provision "unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S. at 422. The Eighth Circuit has rejected the application of the *Christiansburg* standard to consideration of cost awards under Rule 54(d). *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) ("Costs, unlike attorney's fees, are awarded to a prevailing party as a matter of course.").

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Scott Smith's Motion for Review of Clerk's Action [ECF No. 245] is **DENIED**.

2. The Clerk's Amended Cost Judgment [ECF No. 244] in the amount of $1,118.21 for Defendants Bradley Pizza, Inc. and Pamela M. Dahl is **AFFIRMED**.

Dated: December 6, 2019     s/ Eric C. Tostrud
                                                        Eric C. Tostrud
                                                        United States District Court